IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSEMBLY TECHNOLOGY INC. | : | CIVIL ACTION |
| | : | NO. 09-00798 |
| v. | : | |
| | : | |
| SAMSUNG TECHWIN CO., LTD. | : | |

O'NEILL, J.                                                                                                           NOVEMBER 16, 2009

MEMORANDUM

Plaintiff alleges that defendant tortiously interfered with its business relations. Defendant filed a motion to dismiss the amended complaint. I have jurisdiction under 28 U.S.C. § 1332. Presently before me are defendant's motion, plaintiff's response and defendant's reply. For the following reasons I will grant defendant's motion to dismiss and exercise my discretion to grant plaintiff's request for leave to amend its complaint.

BACKGROUND[1]

Defendant manufactures and sells high-speed chip mounting machinery. Plaintiff develops software used in connection with this high-speed chip mounting machinery and provides operational and consulting services in connection therewith. In 1999, plaintiff and defendant entered into a business contract ("ATI-Samsung contract"). Under that contract, defendant purchased products, information and services from plaintiff. The contract was worth hundreds of thousands of dollars annually to plaintiff and the relationship was symbiotic–defendant was plaintiff's sole customer, and plaintiff was the sole provider of these essential services to defendant. Additionally, in 2002 plaintiff contracted with Roy Lee Epp and

---

[1] I will consider the well-pleaded allegations in the amended complaint as true, and draw all reasonable inferences therefrom. U.S. Dept. of Transportation ex rel. Arnold v. CMC Engineering, 564 F.3d 673, 676 (3d Cir. 2009).

Advanced Micro Concept (collectively, "consultants") to provide consultation with regard to the products and services plaintiff was providing for defendant ("ATI-consultants contract"). Consultants worked closely with defendant, often spending months at a time at defendant's Korean facility.

The ATI-Samsung contract was renewed on a yearly basis. Ordinarily, at the expiration of the previous contract in January the parties would reach an oral agreement as to the terms of the next year's contract and those terms would be formally documented in the spring. At issue in this lawsuit is the 2006 version of the contract. As usual, the parties orally agreed to the terms on January 2, 2006 and then executed the contract on March 10, 2006. The 2006 contract was due to expire on January 2, 2007.

In December 2006, defendant advised plaintiff that consultants intended to terminate the ATI-consultants contract. On December 13, 2006, consultants notified plaintiff directly of their intention to resign. However, they continued to perform until January 2, 2007 when they formally resigned. Meanwhile, plaintiff and defendant began oral negotiations for the 2007 version of the ATI-Samsung contract but in "late winter/early spring of 2007," defendant notified plaintiff that it would not renew the contract. Shortly thereafter, plaintiff learned that defendant had entered into a contract with consultants to provide the services that plaintiff had theretofore provided. Plaintiff alleges that the negotiation of the contract between defendant and consultants began while consultants were still under contract with plaintiff.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," although plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), citing Iqbal, 129 S. Ct. at 1949. "To prevent dismissal, civil complaints must set forth 'sufficient factual matter' to show that the claim is facially plausible." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1949, internal quotations omitted.

## DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed because: (1) its claim is time-barred by the statute of limitations; and (2) it has failed to state a claim upon which relief can be granted. In the alternative, defendant urges that I refer this matter to arbitration.[2]

---

[2] I note that the case law in this area is replete with motions styled "motion to dismiss, or in the alternative, to compel arbitration" or some similar variation thereof. See, e.g., Invista S.a.r.l. v. Rhodia S.A., No. 08-941, 2009 WL 1439407, at *1 (D. Del. May 20, 2009);

3

I.      Statute Of Limitations

Defendant first argues that plaintiff's claim must be dismissed because it is barred by the statute of limitations. Pennsylvania law requires that a claim for tortious interference with a business relationship be brought within two years of when the claim accrued. CGB Occupational Therapy, 357 F.3d 375, 383 (3d Cir. 2004), citing 42 Pa. C.S.A. § 5524. "[A claim] accrues at the occurrence of the final significant event necessary to make the claim suable." Barnes v. American Tobacco Co., 161 F.3d 127, 136 (3d Cir. 1998). Ordinarily, a claim for tortious interference with business relations accrues when the plaintiff suffers injury as a result of the

---

Gillespie v. Colonial Life & Acc. Ins. Co., No 08-689, 2009 WL 890579, at *1 & n.1 (W.D. Pa. Mar. 30, 2009); Vyenielo v. SAIC, Inc., No. 08-01301, 2009 WL 159198, at *1 (M.D. Pa. Jan. 22, 2009). In the vast majority of such cases, the defendant's motion to dismiss was based upon the argument that arbitration was the more appropriate forum for the claim. Accordingly, the scope of the Court's inquiry in each of those cases was limited to whether the claim was arbitrable under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.
    Review of defendant's brief reveals that the present motion is different. Here, defendant requests that the complaint be dismissed both because it fails to state a claim upon which relief can be granted and because it is time-barred by the statute of limitations. Defendant moves to compel arbitration only to the extent that its motion to dismiss on substantive grounds is denied.
    Under such circumstances, the FAA requires me first to decide defendant's substantive motion to dismiss. Under the plain language of the FAA, I must refer this claim to arbitration only at the demand of at least one of the parties. 9 U.S.C. § 3. Presently, unlike in the cases cited supra, neither of the parties has made such a demand. Plaintiff expressly denies that its claim is arbitrable. Defendant, for its part, argues that the claim is arbitrable but requests that it be referred to arbitration only to the extent that this Court denies the motion to dismiss on the merits. In effect, defendant's motion to compel arbitration is contingent on the denial of its motion to dismiss under Rule 12(b)(6).
    Additionally, the terms of the arbitration clause compel even greater care than usual because that clause requires any arbitration to occur in Korea under the rules set forth by the Korean Commercial Arbitration Board. Absent a very clear indication that one of the parties wishes to enforce the arbitration agreement, I am hesitant to order the parties to incur the significant expense of arbitrating this matter in Korea. Accordingly, I will defer ruling on defendant's alternative motion to compel arbitration until after I have addressed its primary motion to dismiss.

defendant's conduct. CGB Occupational Therapy, 357 F.3d at 384. However, Pennsylvania courts may apply the discovery rule to toll the statute of limitations where the injured party despite its exercise of due diligence was unable to know of the injury and its cause. Burton-Lister v. Siegel, Sivitz and Lebed Assocs., 798 A.2d 231, 237 (Pa. Super. Ct. 2002). "Once the plaintiff becomes aware of the injury and who occasioned it, she is under a duty to investigate the matter and commence a cause of action." Id. In the present case, plaintiff filed its complaint on February 24, 2009. Thus, this case must be dismissed if plaintiff knew of its injury and the cause thereof prior to February 24, 2007. Defendant bears the burden of proving that the claim is untimely. Richard B. Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co., 311 F.3d 581, 585 (3d Cir. 2002). Plaintiff, on the other hand, bears the burden of proving that the discovery rule applies. Wilson v. El-Daief, 964 A.2d 354, 362 (Pa. 2009).

Taking plaintiff's well-pleaded allegations as true, it has borne its initial burden of showing that the discovery rule may apply in this case. Am. Compl. ¶¶ 36-45. Plaintiff has averred that before "late winter/early spring" it did not know that its injury–the termination of the ATI-Samsung contract–was caused by plaintiff's tortious interference with the ATI-consultants contract. However, due to the substantial ambiguity of the term "late winter/early spring," it is impossible for me, at this stage, to determine precisely when plaintiff became aware of the injury and its cause. The discovery process may allow the parties to identify with greater precision the date that plaintiff became aware of its injury and the cause.[3] Presently, however, I am unable to

---

[3] I also note that the parties disagree over what constitutes plaintiff's injury. Defendant characterizes the injury as the termination of the ATI-consultants contract on January 2, 2007. Def.'s Br. Supp. Mot. to Dismiss 19 (Doc. 17). Plaintiff, on the other hand, argues that defendant tortiously interfered with the ATI-consultants contract but that the relevant legal injury didn't occur until the ATI-Samsung contract was terminated in "late winter/early spring." Pl.'s

5

conclude that plaintiff's complaint is barred by the statute of limitations.

II.     Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted

Defendant next argues that plaintiff's complaint should be dismissed for failure to plead the necessary elements of its tortious interference claim. Pennsylvania has adopted section 766 of the Restatement (Second) of Torts which requires a plaintiff to plead:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

CGB Occupational Therapy, 357 F.3d at 384, citing Crivelli v. Gen. Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000). Defendant points to four deficiencies in the amended complaint: (1) plaintiff has failed to comply with Twombly's requirement that a complaint allege sufficient facts to state a claim that is "plausible on its face;" (2) plaintiff has not identified a contract with which defendant allegedly interfered; (3) plaintiff has failed to allege that defendant's conduct was not privileged; and (4) plaintiff has failed to allege that defendant's conduct resulted in harm to plaintiff's business. I will discuss each argument in turn.

A.     Plaintiff's Failure To Comply with Twombly

In order for a plaintiff to survive a motion to dismiss, Twombly requires the complaint to include enough facts to make the claim "plausible on its face." Twombly, 550 U.S. at 570. Defendant argues that plaintiff has failed to satisfy this pleading requirement. I will consider the sufficiency of plaintiff's pleadings as I address each of defendant's substantive arguments in

---

Res. Opp. Mot. to Dismiss 11 (Doc. 19-3).

support of its motion to dismiss.

B. <u>Plaintiff Has Sufficiently Alleged the Existence of a Contract</u>

Defendant argues that plaintiff has failed to identify a contract with which defendant allegedly interfered. A defendant cannot be held liable for tortious interference with a contract to which it is a party. <u>Rutherfoord v. Presbyterian-Univ. Hosp.</u>, 612 A.2d 500, 507-08 (Pa. Super. Ct. 1992). Therefore, allegations of tortious interference with the ATI-Samsung contract cannot support plaintiff's claim.

Plaintiff must instead rely on allegations that defendant tortiously interfered with the ATI-consultants contract. Defendant argues, however, that plaintiff has not alleged that such a contract existed at the time of the alleged interference. Defendant points out that plaintiff has not attached the ATI-consultants contract to its amended complaint and that the paragraphs of the ATI-consultants agreement quoted in the text of the amended complaint do not show that the contract was in force at the time of the alleged interference.

In response, plaintiff points to paragraphs 13, 14 and 17 in the amended complaint which state:

>    13. In 2002, ATI entered into business relations with consultants, Roy Lee Epp ("Epp") and Advanced Micro Concept ("AMC") through its principal, Jeff Rosenthal ("Rosenthal"), (collectively, the "ATI Consultants"), and the relationship was set forth in consultant agreements (the "Consulting Agreements").
>
>    14. From 2002 through January 2, 2007, AMC, through Rosenthal, continued as a consultant with ATI.
>
>    . . . .
>
>    17. The Consultant Agreement provided, in pertinent part, as

follows:

5. **Convenants of the Consultant**

    5.1    During the term of this Agreement, the Consultant shall work exclusively for the tasks described in article 2. And serve in good faith for ATI, and shall not cooperate with any third party in [sic] USA in connection with the work services unless the Consultant obtains the prior written consent of ATI.

    5.2    The Consultant agrees that all confidential and proprietary information, including without limitation, technical information, programming technics, trade secrets, information relating to Products, customer lists, financial information and other information relating to the business or operation of ATI which the Consultant acquires by virtue of his consulting with ATI during the term of this Agreement shall be kept and treated as confidential during and for a period of two (2) years after the termination of this Agreement.

    5.3    Any inventions or developments made by the Consultant with respect to technical consulting in connection with the work services shall be owned by ATI including all proprietary rights therein.

I find that these allegations, in combination with the undisputed allegation that consultants continued to perform until January 2, 2007, satisfy plaintiff's obligation to plead that a contract existed between plaintiff and consultants at least until January 2, 2007.[4]

---

[4] There is no allegation in the amended complaint as to whether the ATI-consultants contract was for a specific term or terminable at will. The precise nature of the contract is irrelevant here because the commentary to section 766 states "until [the third party] has terminated [the terminable at will contract], the contract is valid and subsisting, and the

C.     Plaintiff Has Failed to Allege Absence of Privilege on the Part of Defendant

Defendant next argues that plaintiff has failed to allege absence of privilege on defendant's part to interfere with the ATI-consultants contract. Pennsylvania courts have recognized a qualified privilege for a party to interfere with the contracts of its business competitors. See, e.g., Phillips v. Selig, 959 A.2d 420, 431 (Pa. Super. Ct. 2008). They apply this qualified privilege in recognition of the fact that healthy marketplace competition may require a party to seek to divert business from its competitors in ways that otherwise might be improper. Acumed LLC v. Advanced Surgical Services, Inc., 561 F.3d 199, 215 (3d Cir. 2009). Section 768 of the Restatement defines improper interference between competitors.[5] It provides:

> (1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if
> > (a) the relation concerns a matter involved in the competition between the actor and the other and
> > (b) the actor does not employ wrongful means and
> > (c) his action does not create or continue an unlawful restraint of trade and
> > (d) his purpose is at least in part to advance his interest in competing with the other
> (2) The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will.

Plaintiff bears the burden of pleading that defendant's actions were not privileged. Miller

---

defendant may not improperly interfere with it. § 766 cmt. g. As discussed infra, however, the nature of the contract will be relevant in determining whether defendant's conduct was privileged.

[5] Plaintiff argues that section 768 does not apply to this case because the parties are not competitors. For the reasons set forth in this section, I disagree.

v. Texas AGA, Inc., No. 06-384, 2006 WL 3762084 at *3 (W.D. Pa. Dec. 21, 2006), citing Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 530 (3d Cir. 1998). It can satisfy this burden in several ways. First, it can allege that plaintiff and defendant were not competitors and therefore section 768 does not apply. Second, it can allege that defendant's conduct violates one of the standards set forth in sections 768(1)(a) - (d). Finally, it can allege that the contract was not terminable at will and therefore that section 768(2) prohibits invocation of the privilege.

Plaintiff has failed to satisfy its burden.[6] First, the amended complaint does not allege that plaintiff and defendant are not competitors. To the contrary, the allegations indicate that plaintiff and defendant were competitors. The commentary to section 768 states that "[this section] applies whether the actor and the person harmed are competing as sellers or buyers or in any other way, and regardless of the plane on which they compete." Restatement (Second) of Torts § 768 cmt. c. Here, the parties are competing for the same consultants. The Court of Appeals considered similar circumstances in CGB Occupation Therapy. 357 F.3d at 388. The question presented there was whether "intermeddling by a third party . . . in the relationship between an employer and its at-will employees is an actionable tort." Id. The Court found section 768 to be applicable. Id. To the extent that the present case involves a consulting

---

[6] Plaintiff's conclusory allegation that "[d]efendant acted deliberately and without privilege or justification" is insufficient to satisfy its burden. Under Twombly, plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

relationship as opposed to an employment relationship[7], I find the difference irrelevant for the purposes of this analysis. Pennsylvania Courts have applied section 768 to competition for: employees, id.; clients, Phillips, 959 A.2d at 430-31; contractual business, Brokerage Concepts, Inc., 140 F.3d at 529-31; and customers, Acumed, 561 F.3d at 214-15. The reasoning behind each of those cases applies with equal force to the present case.

Second, plaintiff has failed to allege sufficient facts to allow me to find that subsections 768(1)(a) - (d) prevent defendant's invocation of privilege. It is clear from the face of the amended complaint that in hiring consultants defendant was acting as a competitor with plaintiff and seeking to advance his own interest. See § 768(1)(a) & (d). Additionally, there is no allegation that defendant's actions created an unlawful restraint of trade. See § 768(1)(c). The only subsection that the amended complaint can be fairly read to address is 1(b). Plaintiff points to paragraphs 39 through 43 of its amended complaint in support of its contention that it has sufficiently alleged wrongful conduct:[8]

> 39. It is believed and therefore averred that, unbeknownst to plaintiff, defendant engaged in concealed discussions with the ATI consultants while the ATI consultants were still engaged as employees and/or consultants for plaintiff, and prior to their resignation on January 2, 2007, concerning the terms by which defendant would hire the ATI consultants to provide products and services virtually identical to the ATI/Samsung

---

[7] Plaintiff's amended complaint describes consultants as "employees and/or consultants for [p]laintiff."

[8] Plaintiff also points to allegations in the amended complaint filed against consultants in the Montgomery County Court of Common Pleas. However, that amended complaint was neither attached to nor referenced in the amended complaint filed in this Court. It was only provided to me as an attachment to defendant's motion to dismiss. Under such circumstances, reference to allegations in an amended complaint filed in another Court cannot defeat a motion to dismiss.

11

products.

40. Plaintiff learned in late winter/early spring of 2007 that defendant had reached an agreement with ATI consultants to provide the aforementioned products and services directly to the defendant without any involvement or compensation to plaintiff.

41. The ATI consultants breached their duty of good faith, the continued obligations contained in the terms of the consulting agreements set forth above and/or their obligations as employees during their consulting relationship with ATI, by having discussions with defendant about working for defendant directly to provide services virtually identical to those provided to defendant by plaintiff.

42. It is believed and therefore averred that, defendant knowingly induced the ATI consultants to breach their obligations to and agreements with plaintiff, so that defendant could conclude an agreement with the ATI consultants to provide services virtually identical to the ATI/Samsung products for their own benefit and to the detriment of plaintiff.

43. Following defendant's consummation of its agreements with the ATI consultants, it is believed and therefore averred that, defendant has utilized and compensated the ATI consultants to provide the products and services virtually identical to the ATI/Samsung products previously provided by plaintiff.

I find that the conduct alleged by plaintiff does not meet the definition of "wrongful means" under section 768(1)(b). Wrongful means include "physical violence, fraud, civil suits and criminal prosecutions" as well as "independently actionable conduct." § 769, cmt. e; Brokerage Concepts, Inc, 140 F.3d at 531. After reviewing the amended complaint, I find no allegations of conduct constituting wrongful means. Although defendant's conduct in this case may have hurt plaintiff's business, "it simply does not constitute the sort of criminal, fraudulent, or independently-actionable conduct required to support a claim for tortious interference against

a business competitor." Glaberman Assocs., Inc. v. J. Kinderman & Sons, No. 98-3711, 1999 WL 98588, at *5 (E.D. Pa. Feb. 25, 1999).

Finally, plaintiff has not alleged that the ATI-consultants contract was not terminable at will. Nor has plaintiff provided that contract for my review. In the absence of any allegations by plaintiff that the contract was not terminable at will, and in the face of defendant's suggestion that it was terminable at will, I cannot conclude that it was not terminable at will. Plaintiff's burden here is not satisfied merely by alleging the existence of a contract.

Because Plaintiff has failed to allege: (1) that plaintiff and defendant were not competitors; (2) that defendant's conduct was wrongful; or (3) that the ATI-consultants contract was not terminable at will, it has therefore failed sufficiently to allege that defendant's interference with the ATI-consultants contract was not privileged.

## CONCLUSION

By failing to allege absence of privilege by defendant, plaintiff has failed to state a claim upon which relief can be granted.[9] I will therefore grant defendant's motion and dismiss plaintiff's amended complaint with leave to amend.

An appropriate Order follows.

---

[9] In light of this resolution, I have no need to consider: (1) whether plaintiff has failed to allege that defendant's conduct resulted in actual harm; or (2) defendant's alternative argument that any remaining claims be referred to arbitration.